GRIMES, Acting Chief Judge.
This petition for writ of certiorari involves the question of whether out-of-state residents may adopt a child in the State of Florida.
Respondents, residents of Massachusetts, seek to adopt a child born in Pinellas County. The child currently resides in a foster home in St. Petersburg. The Department of Health and Rehabilitative Services moved to have the petition for adoption dismissed on the grounds that the adoption would violate section 63.207, Florida Statutes (1981), and that because respondents live in Massachusetts, the department could not conduct a home study. The court de *103 nied the motion to dismiss but abated the action for ninety days for the department to conduct the home study.
The statute upon which the department relies reads as follows:
63.207 Out-of-state placement.—
(1) No person except an agency or the Department of Health and Rehabilitative Services shall take or send a child out of the state for purposes of placement for adoption unless the child is to be placed with a relative within the third degree or a stepparent.
The department contends that since the respondents live and work in Massachusetts, the child is being placed for adoption in Massachusetts. The problem with this argument is that section 63.032(9), Florida Statutes (1981), defines placement as “the process of giving or transferring of possession or custody ... of a child by any person to another person for adoption.” Here, the child in question will be placed with the adoptive parents in Florida, and the adoption will be completed in this state.
Until 1973, Florida law imposed a residency requirement on prospective parents. § 63.061, Fla.Stat. (1971). In that year, the legislature revised the adoption act and eliminated the residency requirement. The department cannot argue that the legislature merely replaced the earlier residency requirement with section 63.207(1) since this section was not enacted until 1975. Section 63.207(1) is designed to prevent sending a child to another state for adoption in that state; it does not prohibit nonresidents from adopting a child in Florida.
Prior to an adoption, the department must conduct an investigation to determine the suitability of the adoptive home. § 63.122, Fla.Stat. (1981). Additionally, the prospective parents must have custody of the child for ninety days prior to the hearing on the petition for adoption. Although we recognize that the department may encounter difficulties conducting the investigation, it may not unilaterally prevent out-of-state residents from adopting in Florida by refusing to conduct the home study. Any difficulties experienced by the department in conducting the study do not make such an adoption illegal.[1]
In sum, the Florida adoption act does not contain a residency requirement, and we lack authority to incorporate one into the statute. The question of residency is one for the legislature. If the department finds that it cannot properly investigate nonresidents, it should petition the legislature for a change in the law. Accordingly, we deny the petition for writ of cer-tiorari.
CAMPBELL and LEHAN, JJ., concur.

. We note that section 409.404, Florida Statutes (1981), provides that any requirement for the supervision of children under chapter 63 may be performed pursuant to an agreement entered into according to the Interstate Compact on the Placement of Children. Both Florida and Massachusetts have enacted the compact.